FERRELL, Appellant,

v.

SUMMA HEALTH SYSTEM et al., Appellees.

[Cite as *Ferrell v. Summa Health Sys.,* 165 Ohio App.3d 110, 2005-Ohio-5944.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22527.

Decided Nov. 9, 2005.

Lee E. Plakas, Christopher M. Huryn, and Cheryl S. Lee, for appellant.

Elizabeth Nocera Davis and Michael J. Fuchs, for appellee.

Per Curiam.

{¶ 1} Appellant, Mattie Ferrell, appeals the decision of the Summit County Court of Common Pleas granting the motion of appellee, Summa Health System, for a setoff of the jury verdict. We reverse and remand.

{¶ 2} Appellant filed a professional negligence claim against appellee and Dr. Michael Cullado in January 2003. Prior to trial, Dr. Cullado filed a motion in limine to exclude from evidence the amounts of appellant's medical bills that had been written off by her medical providers, and appellee orally joined the motion. The trial court did not rule upon the motion prior to trial, but rather decided to take it under advisement and issue a ruling in the event that a verdict was awarded to appellant.

{¶ 3} The jury rendered a verdict in the amount of $267,779.28 against appellee. Of the $267,779.28, $117,779.28 was awarded to compensate appellant for medical and hospital bills and other related expenses.

{¶ 4} After the verdict was issued, appellee renewed its motion in limine and filed a motion for setoff, asking the court to reduce the jury verdict by the amount of the medical expenses that had been written off pursuant to efforts made by appellant's health insurers. The judge granted appellee's motion and reduced the jury award by $74,058.59.

{¶ 5} Appellant now appeals, asserting one assignment of error for our review.

## ASSIGNMENT OF ERROR

The trial court erred as a matter of law and to the prejudice of the Appellant in granting Appellee's Motion for Set Off of Jury Verdict, as such ruling is in contravention of the law of Ohio and the collateral benefits rule.

{¶ 6} In her only assignment of error, appellant argues that the trial court erred when it granted appellee's motion to set off the jury verdict and reduced the amount of the jury award by $74,058.59. Specifically, appellant claims that the written-off portion of the medical bills was a collateral benefit, and, therefore, admitting evidence of that benefit violates established Ohio law. We agree with appellant.

{¶ 7} The issue of whether the written-off portions of Medicare-paid services are subject to the collateral-source rule is an issue of first impression. According to federal law, the amount Medicare pays to a health-care provider in satisfaction of a recipient's medical bills constitutes payment in full. See Section 1395, Title 42, U.S.Code; Section 489.21(a), Title 42, C.F.R. Ohio law prohibits the introduction of evidence of benefits from collateral sources. The collateral-

source rule has been defined as "the judicial refusal to credit to the benefit of the wrongdoer money or services received in reparation of the injury caused which emanates from sources other than the wrongdoer." *Pryor v. Webber* (1970), 23 Ohio St.2d 104, 107, 52 O.O.2d 395, 263 N.E.2d 235, quoting Maxwell, The Collateral Source Rule in the American Law of Damages (1962), 46 Minn.L.Rev. 669, 670. The rationale supporting the rule is that "[t]he defendant wrongdoer should not, it is said, get the benefit of payments that come to the plaintiff from a 'collateral source' (i.e., 'collateral' to the defendant)." *Pryor*, 23 Ohio St.3d at 108, 52 O.O.2d 395, 263 N.E.2d 235.

{¶ 8} "The collateral source rule is an exception to the general rule of compensatory damages *in a tort action,* and evidence of compensation from collateral sources is not admissible to diminish the damages for which a *tort-feasor* must pay for his negligent act." [Emphasis sic.] *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.,* 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, at ¶ 38, quoting *Pryor*, 23 Ohio St.2d 104, 52 O.O.2d 395, 263 N.E.2d 235, at paragraph two of the syllabus.

{¶ 9} A collateral benefit is a benefit received outside the scope of the litigation. In this case, Medicare is a source outside the litigation that covered appellant's medical care; appellant accrued medical expenses that were billed as a result of an injury she had suffered that served as the subject of her complaint against appellees. Thus, any benefit that appellant received by virtue of being covered by Medicare was outside the scope of the lawsuit or "collateral" to the litigation.

{¶ 10} The amount of medical expenses billed to appellant was $117,779.28. Without the benefit she received from Medicare, appellant could have been personally liable for the full amount of the billed medical expenses. In fact, the jury found that $117,779.28 was the reasonable value of appellant's medical care.

{¶ 11} In a similar case, the First District, in addressing non-Medicare write-offs, decided that under the collateral-source rule, "a plaintiff's recovery of the reasonable value of her medical treatment is not limited to the amount paid by her insurance." *Robinson v. Bates,* 160 Ohio App.3d 668, 2005-Ohio-1879, 828 N.E.2d 657, at ¶ 83.

{¶ 12} "In the context of medical-expense damages, the collateral-source rule allows plaintiffs to seek recovery of the reasonable value of medical services without consideration of payments made on their behalf by insurance." Id. at ¶ 33, citing Restatement of the Law 2d, Torts (1979), Section 920A, Comment c. In the case at hand, the jury determined that the reasonable value of appellant's medical services was $117,799.28. The trial court, after the judgment had been entered, considered evidence of benefits that appellant had received from a

collateral source, and using that improperly considered evidence, reduced the jury's verdict to cover only the amount of appellant's medical expenses that was subject to subrogation.

{¶ 13} Considering evidence of the portions of appellant's medical bills that were written off and reducing the jury's verdict to cover only the actual expenses is clearly impermissible. By so doing, the trial court granted the tortfeasor the benefit that appellant had received from a collateral source, which Ohio courts do not allow. See *Stacy*, 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298. "The collateral-source rule prevents any payments made on the plaintiff's behalf or gratuitous benefits received by the plaintiff from benefiting a defendant-tortfeasor." *Bates*, 160 Ohio App.3d 668, 2005-Ohio-1879, 828 N.E.2d 657, at ¶ 32. Therefore, we find that the trial court improperly admitted and considered the evidence that it used to set off the jury verdict in the instant case.

{¶ 14} We sustain appellant's first assignment of error and remand this cause to the trial court to reinstate the jury's verdict.

Judgment reversed
and cause remanded.

CARR and MOORE, JJ., concur.

SLABY, P.J., dissents.

SLABY, Presiding Judge, dissenting.

{¶ 15} I believe that the trial court correctly considered the evidence of appellant's actual monetary damages and would affirm the decision of the lower court.

{¶ 16} As appellee points out, the proper measure of compensatory damages in a tort action is that amount that will compensate the plaintiff and make her whole for expenses incurred. *Pryor v. Webber* (1970), 23 Ohio St.2d 104, 263 N.E.2d 235, at paragraph one of the syllabus. Thus, it is necessary to determine the measure of economic damages actually sustained. In the case at hand, the actual economic damages sustained by appellant were the $43,740.69 in medical expenses that were paid to her medical providers. As a payment of $43,740.69 would cover the entire cost of all medical care appellant received as a result of the underlying tort, I see no reason to award appellant compensatory damages in excess of the amount that will compensate her and make her whole for expenses incurred.

{¶ 17} I agree with appellee that it is necessary to determine the proper measure of damages in a tort action before evaluating the impact of the collateral-source rule. Appellant's actual compensatory damages have been

determined to be $43,740.69. That amount was paid by a collateral source to appellant's medical care providers on behalf of appellant. The collateral-source rule applies to prevent the actual damages sustained from being reduced. It does not apply to prevent the introduction of evidence as to the actual damages appellant sustained. Therefore, I would find that the lower court was correct in considering evidence of appellant's actual damages and reducing the jury award to reflect that amount.